

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Sony Music Entertainment Inc.; Capitol Records, Inc.; Atlantic Recording Corporation; Arista Records, Inc.; UMG Recordings, Inc., | ) ) ) ) ) | CASE NO. SACV 03-1343 DOC (MLGx) |
|---|---|---|
| Plaintiff(s), | ) ) | **O R D E R** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |
| v. | ) ) | |
| Lisa Dickerson, | ) ) | |
| Defendant(s). | ) ) ) ) ) | |

Before the Court is the continuation of Plaintiffs' motion for entry of default judgment against Defendant. After considering Plaintiffs' motion, additional evidence provided in response to the Court's questions at the initial hearing on March 15, 2004, and oral argument on March 18, 2004, and for all the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion.

///

///



## I. BACKGROUND

### A. General Background

Plaintiffs allege that Defendant is liable to Plaintiffs for copyright infringement under 17 U.S.C. § 101 et seq (the "Copyright Act"), because Defendant used an online media distribution system to copy eight of Plaintiffs' copyrighted sound recordings (listed on Ex. A to the Compl.), and to distribute those recordings to other users of the system.

On September 8, 2003, Plaintiffs filed the Complaint. Defendant has appeared in this action, but has not responded to the Complaint despite two letters from Plaintiffs advising Defendant of her legal obligations in this regard and warning her that Plaintiffs would seek a default judgment if Defendant did not respond to the Complaint. On February 9, 2004, the Clerk of the Court entered the default of Defendant.

Plaintiffs now seek default judgment by the Court, and request minimum statutory damages, permanent injunctive relief, and costs of suit. Plaintiffs' Application for Default Judgment was served on Defendant as required by Federal Rule of Civil Procedure 55(b)(2). Plaintiffs' are informed and believe that Defendant is not an infant or incompetent person, and have conducted a search in the U.S. Military Locator database of LexisNexis that revealed no evidence that Defendant is in the military.

### B. Connection between Internet User Name and Defendant

In response to the Court's threshold concern, stated at the initial hearing on March 15, 2004, that there was no evidence in the record to establish that the user name in Plaintiffs Exhibit, "MARK@KaZaA," belonged to Defendant, Plaintiffs have filed a declaration and exhibits showing (1) the subpoena made to the Internet Service Provider, Comcast Cable Communications, Inc. ("Comcast"), that requests the name, address, and telephone number of the person using a particular IP address at a specific date and time, and (2) the response to the subpoena naming Defendant. (Shendrikar Decl. Exs. A & B). Plaintiffs' exhibit includes a July 3, 2003 letter from Plaintiffs' attorneys to Comcast connecting the user name "MARK@KaZaA" and the above IP address. (Shendrikar Decl. Ex. A at 7-8). Therefore, the Court is satisfied that the connections have been established between the user name, the IP address with a particular

date and time, and Defendant.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Default judgments are generally disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). *Eitel* notes some factors that the court should consider in exercising the court's discretion as to the entry of a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72. The Court finds that in this case all the factors except the last argue strongly for default judgment.

For purpose of default judgment, the general rule of law is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Geddes v. United Fin. Group*, 559, F.2d 557, 560 (9th Cir. 1997). However, despite this lenient standard, "necessary facts not contained in the pleading, and claims which are legally insufficient are not established by default." *Cripps v. Life Ins. Co. of No. America*, 980 F.2d 1261, 1267 (9th Cir. 1992). It is within a court's discretion to go further and accept evidence to show that the party seeking the default judgment can establish a prima facie case on the merits of its claims, but doing so is not required. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court finds that the default entered February 9, 2004 established Defendant's liability to Plaintiffs for copyright infringement. Plaintiffs' factual allegations stated that Defendant, without permission or consent of Plaintiffs, has used an online media distribution system to download Plaintiffs' copyrighted or licensed recordings, to distribute them to the public, and/or to make them available for distribution to others. Plaintiffs' also alleged that such acts of infringement have been willful and intentional, in disregard of and indifferent to the rights of Plaintiffs. The Court finds that the possibility of prejudice to Plaintiffs is strong. Finally, the Court finds that the default does not seem to be due to excusable neglect in light of Plaintiffs'

3

two letters to Defendant cautioning her about her obligations with regard to the Complaint and the likely consequences of her not complying with those obligations.

### A. Statutory Damages

Plaintiffs request an award of statutory damages. Section 504(c) of the Copyright Act permits an award of statutory damages with respect to each "work" infringed, in a sum of not less than $750.00. 17 U.S.C. § 504(c)(1). Although a party may demand a jury determination of the amount of statutory damages to be awarded, Defendant never made such demand. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355, 118 S.Ct. 1279 (1998).

Here, Plaintiffs seek minimum statutory damages for each of eight infringements. Because these damages are ascertainable from the Complaint, no evidentiary hearing is necessary. *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002). Accordingly, this Court finds that Plaintiffs are entitled to the minimum statutory damages in the amount of $750.00 for each of the eight claimed acts of infringement by Defendant, totaling $6,000.00.

### B.    Injunctive Relief

Plaintiffs seek injunctive relief under section 502(a) of the Copyright Act, which provides that the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[A]s a general rule, a copyright plaintiff is entitled to a permanent injunction when liability has been established and there is a threat of continuing violations." *Universal City Studios v. Sony Corp. of America*, 659 F.2d 963, 976 (9th Cir.1981), *rev'd on other grounds*, 464 U.S. 417, 104 S.Ct. 774 (1984).

Plaintiffs allege that Defendant's conduct is causing irreparable injury that cannot be fully measured or compensated in money, and that such conduct will continue to cause injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights. (*See* Compl. ¶ 16.)

The Court agrees that money cannot adequately compensate Plaintiffs for the actions of Defendant that exposed Plaintiffs' copyrighted recordings to potential additional infringement from millions of other users who can, in turn, download and distribute the recordings. However,

1  the Court finds that Plaintiffs do not show necessary facts regarding the alleged threat of
2  continuing violations—e.g., that Defendant's actions occurred on a number of occasions or that
3  Defendant has continued infringing Plaintiffs' copyrights. For instance, the Court does not see
4  any dates associated with Plaintiffs' Exhibits showing the downloads made by Defendant. In the
5  declaration filed on March 17, 2004, the Court notes that Plaintiffs' subpoena to Comcast
6  references only one date and time. (*See* Shendrikar Decl. Ex. A at 5). Plaintiffs state in their
7  brief that there is no evidence Defendant has stopped infringing, but Plaintiffs provide no
8  evidence that Defendant has *continued to* infringe. Additionally, the requested injunction, which
9  would broadly cover both existing works and works to be created in the future, seems to
10 preclude fair use by Defendant. For these reasons, the Court is not willing to grant injunctive
11 relief at this time. The Court is willing to entertain a subsequent motion as to the requested
12 injunctive relief that provides the necessary evidence and argument to establish that (1)
13 Defendant's actions pose a continuing threat of infringement and (2) fair use is not precluded by
14 the requested relief.

### C. Costs of Suit

Plaintiffs seek costs of the suit pursuant to section 505 of the Copyright Act which provides that a court, in its discretion, may allow the recovery of full costs. 17 U.S.C. § 505. Plaintiffs submit a declaration that they have incurred costs of $200.00. In light of the statute and the obvious reasonableness of the requested amount, the Court finds that Plaintiffs are entitled to recover their stated costs.

///
///
///
///
///
///
///
///

## IV. DISPOSITION

For the reasons set forth above, the Court GRANTS Plaintiffs' request for default judgment as to statutory damages and costs of suit, and DENIES Plaintiffs' request for a permanent injunction.

IT IS SO ORDERED.

DATED: March 18, 2004

_____
DAVID O. CARTER
United States District Judge